IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

KRISHANA ANDREWS o/b/o
T.A.                                                                                                PLAINTIFF

v.                                      CIVIL NO. 09-1005

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Krishana Andrews, brings this action on behalf of her minor daughter, T.A. seeking judicial review, pursuant to 42 U.S.C. § 405(g), of a decision of the Commissioner of the Social Security Administration (Commissioner) denying T.A.'s application for child's supplemental security income (SSI) benefits under Title XVI of the Social Security Act (Act).

**I.     Procedural Background:**

Plaintiff protectively filed the application for SSI on T.A.'s behalf on August 29, 2006, alleging that T.A. is disabled due to sickle cell disease. (Tr. 51-53, 65). An administrative hearing was held on April 8, 2008, at which Plaintiff testified. (Tr. 21-38). Plaintiff was represented by counsel.

The ALJ, in a written decision dated September 16, 2008, found that T.A. was not disabled, as T.A. did not have an impairment that met or was medically or functionally equal to a listed impairment. (Tr. 11). The ALJ specifically stated he considered the Listings 107.05, 111.02 and 111.03 when making his determination. (Tr. 11).

Plaintiff then requested a review of the hearing decision by the Appeals Council which, after considering additional evidence denied that request on November 17, 2008.[1]  (Tr. 1-4).  Subsequently, Plaintiff filed this action. (Doc. 1).  This case is before the undersigned pursuant to the consent of the parties. (Doc. 4).  Both parties have filed appeal briefs, and the case is now ready for decision.  (Docs. 12, 13)

**II.     Discussion**:

This court's review function is extremely limited.  The court must determine whether the record as a whole contains substantial evidence to support the Commissioner's decision, taking into account whatever in the record fairly detracts from its weight.  42 U.S.C. § 405(g); Lamp v. Astrue, 531 F.3d 629, 632 (8th Cir.2008).  The court must accept the agency's factual determinations and reasonable inferences drawn from them if the record provides substantial evidence to support the findings and inferences.  Russell v. Secretary of H.E.W., 540 F.2d 353, 355 (8th Cir.1976).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  Richardson v. Perales, 402 U.S. 389, 401 (1971).

There is a distinction between "substantial evidence" and "substantial evidence on the record as a whole."

> "Substantial evidence" is merely such "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." "Substantial evidence on the record as a whole," however, requires a more scrutinizing analysis.  In the review of an administrative decision, "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight."  Thus, the court must also take into consideration the weight of the evidence in the record and apply a balancing test to evidence which is contradictory.

---

[1] The Court notes the Appeals Council indicated it reviewed the ALJ's decision dated April 28, 2006.  (Tr. 1). However, the ALJ's decision is dated September 16, 2008.  (Tr. 20).

AO72A
(Rev. 8/82)

Wilson v. Sullivan, 886 F.2d 172, 175 (8th Cir. 1989).

This court is unable to conduct the review of the record which the above cited authority requires. This is so because laboratory reports dated February 25, 2008, through June 13, 2008, received and reviewed by the Appeals Council, are not currently before the court.[2]

It is impossible for the court to determine if substantial evidence supports the Commissioner's decision since the transcript filed herein does not contain all of "the evidence upon which the findings and decision complained of are based." 42 U.S.C. § 405(g). Until the entire record, including the laboratory reports, is gathered and filed, the court does not have the ability to enter a proper judgment on the merits of this case.

The undersigned declines to remand this matter for several reasons. To remand this matter pursuant to sentence four, as opposed to sentence six, would be inappropriate in light of the prejudicial effect such remand would have on the Plaintiff's right of redress before this court.

The United States Court of Appeals for the Eighth Circuit has held:

Section 405(g), which governs judicial review of final decisions made by the Commissioner, authorizes only two types of remand orders: (1) those made pursuant to sentence four, and (2) those made pursuant to sentence six. See Melkonyan v. Sullivan, 501 U.S. 89, 98-99, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991); Hafner v. Sullivan, 972 F.2d 249, 250-51 (8th Cir.1992). **Sentence four, by its terms, authorizes a court to enter "a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). A sentence four remand is therefore proper whenever the district court makes a substantive ruling regarding the correctness of a decision of the Commissioner and remands the case in accordance with such a ruling. See Melkonyan, 501 U.S. at 98, 111 S.Ct. 2157.**

---

[2]We note, once it is clear that the Appeals Council considered the new evidence, the court must factor in this evidence and determine whether the ALJ's decision is still supported by substantial evidence. See Riley v. Shalala, 18 F.3d 619, 622 (8th Cir. 1994).

> **Sentence six, in contrast, authorizes a remand in only two limited situations: (1) where the Commissioner requests a remand before answering the complaint of a claimant seeking reversal of an administrative ruling, or (2) where new and material evidence is adduced that was for good cause not presented during the administrative proceedings**. See 42 U.S.C. § 405(g); Shalala v. Schaefer, 509 U.S. 292, 297 n. 2, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993); Woolf v. Shalala, 3 F.3d 1210, 1215 (8th Cir.1993). The first of these situations distinguishes a sentence six remand from a sentence four remand based on timing, while the second situation does so based on substance. See Sullivan v. Finkelstein, 496 U.S. 617, 626, 110 S.Ct. 2658, 110 L.Ed.2d 563 (1990) (noting that sentence six authorizes an "entirely different kind of remand" than sentence four). This substantive distinction insures that a remand pursuant to the second part of sentence six concerns only new and material evidence and "does not rule in any way as to the correctness of the administrative proceeding," as does a sentence four remand. Melkonyan, 501 U.S. at 98, 111 S.Ct. 2157; see Finkelstein, 496 U.S. at 626, 110 S.Ct. 2658.

Buckner v. Apfel, 213 F.3d 1006, 1010 (8th Cir.2000) (emphasis supplied).

The statute provides, in its pertinent part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. §405(g).

The standard language contained in Appeals Council letters, advising Plaintiffs of the action taken on a Request for Review, advises that it will be presumed the letter is received within five (5) days after the date shown on the letter, unless a reasonable showing to the contrary is made. Potentially, if the matter was remanded pursuant to sentence four, without direction to the Commissioner to supplement the record and issue a new decision, any subsequent effort by Plaintiff to commence a new civil action seeking judicial review of the denial of benefits would be barred.

A sentence six remand would also be inappropriate in light of the filing of the Commissioner's answer (Doc. 7).

The court has been unable to find any clear statutory direction for such a circumstance as this, where remand would technically not fit the definition/requirements of sentence six, and where, if done pursuant to sentence four, it would ultimately result in the Plaintiff being time-barred from seeking judicial review, once the record has been supplemented.

The undersigned directs the Commissioner to supplement or reconstruct the missing portion of the transcript, within a reasonable period of time, **not to exceed 60 days**. This matter will be administratively terminated pending the submission of the transcript of the entire record by the Commissioner. In the event the Commissioner is unable to produce a *certified* transcript containing a record of the entire administrative hearing, the Commissioner **shall notify the court of the reasons for his inability to supplement the record by means of filing an appropriate motion or notice.**

### III. Conclusion:

We conclude that the Commissioner shall supplement the record as outlined above, within a reasonable period of time. For such purposes, a reasonable period of time shall be 60 days. Further, in the event the Commissioner is unable to supplement or reconstruct the administrative record, he is directed to notify the court via motion or notice of his inability to comply with the requirements of this opinion. This matter should be and hereby is administratively terminated to allow the Commissioner a reasonable period of time to locate or reconstruct the missing portion of the administrative record. Should the Commissioner be unable

AO72A (Rev. 8/82)

to supplement the record as directed, within the time constraints set forth in the court's Order so directing, the court will then entertain an appropriate motion to remand.

DATED this 18th day of February 2010.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)